STATE v. AARON K. LYON.

1. In an indictment framed upon section 148 of the Crimes act, the ownership of the property, if known, must be stated.
2. There must be an allegation of an intent to defraud.
3. The time of the commission of the acts must be alleged in all indictments.

On *certiorari*.

This writ brings up an indictment found by the grand jury of Essex county. The following is the indictment:

"Essex Oyer and Terminer and General Jail Delivery. September Term, A. D. 1881.

"Essex county, to wit: The grand jurors of the State of New Jersey, in and for the body of the county of Essex, upon their

oath present that Aaron K. Lyon, late of the township of East Orange, in the county of Essex aforesaid, on the first day of July, in the year of our Lord one thousand eight hundred and eighty-one, with force and arms, at the township aforesaid, in the county aforesaid, and within the jurisdiction of this court, then and there being clerk of school district number thirty-eight, in the township of East Orange, in said county, being an office of profit and trust under the authority of this state, did unlawfully and knowingly embezzle certain money, property and securities committed to his keeping as said clerk of said school district number thirty-eight, in the township and county aforesaid, of the value of three thousand dollars, and did unlawfully and fraudulently dispose of the same, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same.

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said Aaron K. Lyon, being the said clerk of school district number thirty-eight, in the township of East Orange, in said county, did unlawfully and wilfully obtain, counsel and assist and procure in obtaining for a certain other person, to wit, one George Condit, then and there being, and to other persons, certain large sums of money, goods, bonds, scrip, securities and other valuable things, of the value of three thousand dollars, from the said township of East Orange, said money, notes, bonds, scrip, securities and other valuable things not being lawfully and justly due to the said Aaron K. Lyon, or to the said George Condit, or to the other persons aforesaid, at the time of the obtaining of the same, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

The motion here made is to quash the indictment.

Argued at February Term, 1883, before Justices DEPUE, SCUDDER and REED.

State v. Lyon.

For the motion, *Samuel Kalisch.*

*Contra, Oscar Keen.*

The opinion of the court was delivered by

REED, J. The first count of this indictment is framed for the purpose of setting out a misdemeanor under section 148 of the act concerning crimes. The text of that section is as follows: " If any person holding an office of trust and profit under the authority of this state, or any public or private corporation existing by the laws thereof, shall embezzle any of the money, property or securities committed to his keeping, with intent to defraud the state, or any county thereof, any city, borough, township, body corporate or person, or shall fraudulently dispose of the same, he shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall be liable to a fine not exceeding five thousand dollars, or imprisonment at hard labor not exceeding five years, or both."

The first point taken against this count is that it fails to disclose the ownership of the property alleged to have been embezzled, or to state that it was the property of persons unknown. It is elementary law that in charging crimes committed against the public by reason of the destruction or deprivation of property, ownership is an essential averment, by which the identity of the property is fixed. But identity of the property was not the single ground upon which the necessity of the rule rested.

At common law, the crimes of burglary, larceny and arson could be committed only upon property of a third person. It was important that the indictment should charge, as an essential element of the crime, that the property was *res alieno* of some one other than the defendant, the name of whom, if known, should be disclosed, and if unknown it should be so stated. So, therefore, ownership became an essential averment in indictments for this class of crimes. 1 *Bish. Crim. Pro.*, § 321. In indictments for larceny this averment is a familiar and important allegation. Now this crime of embezzlement arises

by the extension of the crime of larceny to a number of acts which were removed from the limits of criminality by a line of subtle and unsubstantial distinctions. For an instance, if a servant was entrusted with the custody of his master's chattels, and appropriated them to his own use, he was guilty of larceny, but if he had the possession, and appropriated them, he was guiltless. The absurd result of refinements like these led to the interference of parliament. The first act, passed in 1529, made it a felony for a servant over the age of eighteen years, not an apprentice, to embezzle any money or chattel entrusted to him by his master to be kept for use.

The significance of the word "embezzle," meaning to fraudulently appropriate to one's own use the property of another, seems to have been introduced as a word of literary import which has, only from its subsequent use in criminal statutes, acquired a criminal significance. It meant a breach of trust. This and many succeeding statutes made the breach of trust, when occurring under definite conditions of fact, a misdemeanor or felony.

A succinct and intelligent history of the English legislation is to be found in *Justice Stephen's History of the Criminal Law of England, vol. III., p.* 157. In some instances it declared embezzlement, under a certain condition of affairs, to be larceny. In others it made the act a distinct felony. In all of them it is apparent that the object is an extension of the crime of larceny or a provision for the punishment of a cognate offence. It is the fraudulent appropriation of the property of another in both larceny and embezzlement. The distinction is found in the manner in which the property reached the possession of the appropriator. So far, then, as to the necessity of the descriptive averment of ownership of the thing fraudulently appropriated, no reason is perceived why it should be required in larceny and not in embezzlement. By the rules of pleading in charging, all analogous injuries result by deprivation of or destruction of property. This averment is in the highest degree material in charging the misdemeanor under our act. The precedents are all in accord with this view. 3 *Chit. C.*

*L.* 981; 1 *Whart. on Precedents* 470; *Rex* v. *McGregor,* 3 *B. & P.* 106.

Again, there is no allegation of an intent to defraud. This appears to be an essential part of the misdemeanor defined by the one hundred and forty-eighth section. Nor does the alternative phrase, "fraudulently dispose of the same," although used in the indictment in the words of the act, cure the pleading. The words "fraudulently dispose of" seem to have no signification broader than embezzle, and the omission of the words "with intent to defraud," after the use of these words, arises, I think, upon the view that they were inferential.

The first count is bad.

The second count is framed under the one hundred and fiftieth section of the Crimes act.

The first objection is fatal.

This is, that there is no time alleged when the acts set out in the count were done. There is neither an express statement of the period within which the acts set out occurred, nor any reference to another part of the indictment which contains such a statement. The acts may have occurred, so far as the count shows, at any time within the lifetime of the defendant. The time need not be proved as stated, but that a time within the period not covered by the statute of limitations must be stated is too fundamental for discussion. The indictment must be quashed.