## UNITED STATES v. COHEN.

(Circuit Court of Appeals, Third Circuit. July 15, 1921.)

No. 2701.

1. **Larceny ☜1—"Steal" and "take" defined.**

   To constitute "stealing" there must be an unlawful taking and carrying away, with intent to convert to the use of the taker and permanently deprive the owner, and to "take" a thing, within the meaning of the criminal statutes, it is necessary that the taker, at some particular moment, should have adverse, independent, absolute possession of it.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Steal; Take.]

2. **Larceny ☜1—Prosecution for stealing goods in interstate commerce must conform to statute as to place of theft.**

   To authorize a conviction, under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), making it an offense to "steal or unlawfully take, carry away or conceal * * * from any railroad car, station house, platform, depot, steamboat, vessel or wharf with intent to convert to his own use any goods or chattels moving as, or which are a part of, or which constitute an interstate or foreign shipment of freight or express, * * * or have in his possession any such goods or chattels, knowing the same to have been stolen," it must be alleged and proved that the property was stolen from one of the places specified in the statute.

3. **Receiving stolen goods ☜2—Stolen goods, after recovery by owner, are not "stolen property."**

   Where the actual physical possession of stolen property has been recovered by the owner or his agent, its character as stolen property is lost, and its subsequent delivery by the owner or agent to a particeps criminis, for the purpose of entrapping him as the receiver of stolen goods, does not establish the crime.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Criminal prosecution by the United States against Joseph Cohen. Judgment of conviction, and defendant brings error. Reversed, and new trial granted.

George E. Cutley, of Jersey City, N. J., for plaintiff in error.
Isaac Gross, of Jersey City, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Joseph Cohen, the defendant below, was indicted, tried, and convicted for having in his possession with intent to convert to his own use a case of goods belonging to the United Cigar

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stores Company, knowing the same to have been stolen in violation of the Act of February 13, 1913, 37 Stat. 670 (Comp. St. §§ 8603, 8604). The Cigar Company delivered the case to a driver of the American Railway Express Company at its office in the Bush Terminal Building, Brooklyn, New York, to be sent by express to its office in Columbus, Ohio. The case was addressed to the United Cigar Stores Company, Columbus, Ohio. The next information of the case, based upon competent testimony, is that, some days after delivery to the driver of the Express Company, it appeared on the express company's platform in Jersey City, N. J., the address of the consignee erased, and then addressed to "J. Cohen, 347 Second Street, Jersey City." The suspicion of Edward M. Robertson, an employee of the express company, was aroused. He took the case and put it into the office of the express company until the next day, when it was, under the direction of the detectives of the company, delivered by Calvin Jenkins, a driver for the company, to Cohen, who made unsatisfactory explanations of his reception of the case, the source from which he expected it, and he was accordingly arrested by Mr. Herdling, a detective of the company, and Mr. Torpey, a detective of Jersey City.

At the conclusion of the trial, counsel for defendant moved for the direction of a verdict on the ground:

"That under the Moynihan Case there is no proof that the goods were ever stolen with intention to convert to his own use, and that under the Copertino Case the physical repossession is a recovery in law, which divests these goods of the characteristic of stolen goods."

This motion was denied, and an exception granted to the defendant, who sued out a writ of error to this court.

[1] The first question to be considered is whether or not the facts disclosed by the evidence show that the case of goods was stolen. At common law larceny was the felonious taking without his consent and carrying away the goods of another, with intent to convert to his (the taker's) own use and permanently deprive the owner of them. The statute under which this indictment was found provides:

That "whoever shall steal or unlawfully take, carry away, * * * from any railroad car, station house, platform, depot, steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as, or which are a part of or which constitute, an interstate or foreign shipment of freight or express, * * * or shall have in his possession any such goods or chattels, knowing the same to have been stolen," upon conviction shall incur the penalties prescribed in the act.

The word "steal" is defined by the words "unlawfully take, carry away, * * * with intent to convert to his own use." To constitute "stealing" there must be an unlawful taking and carrying away with intent to convert to the use of the taker and permanently deprive the owner. To take a thing, within the meaning of criminal statutes, it is necessary that the taker at some particular moment should have adverse, independent, absolute possession of it. People v. Call, 1 Denio (N. Y.) 120, 43 Am. Dec. 655; State v. Chambers, 22 W. Va. 779, 46 Am. Rep. 550; 2 Wharton's Criminal Law (11th Ed.) 1365.

Admittedly the taking in the case before us, if there was a taking,

was the change of the address on the case. So far as the evidence discloses, the case of goods was never out of the actual physical possession of the express company until it was delivered to the defendant. Just how, when, and where the change in the address was made is not known. The most that can be said is that the possession by the thief was constructive, and the express company was the innocent agent of the thief in diverting the goods from their course, and that the taking and carrying of them to Jersey City was in law the taking and carrying by the thief himself, who set in motion the innocent agency with the intention of permanently depriving the owner of his property. We are, however, in doubt that the facts of this case show such adverse possession; independent and absolute control of the goods, as the cases generally require, notwithstanding the case of Commonwealth v. Barry, 125 Mass. 390, the facts of which may be readily distinguished from those in this case. The thieves in that case got actual, physical possession of the property, carried it away, and converted it to their own use. The language of the opinion is dicta as applied to the facts of this case.

[2] Whether or not larceny was actually committed, there is another aspect of the case which in our opinion is dispositive of it. This is not a statute against the larceny of personal property generally, but against the larceny of a special class of property from particular places. The property must be "an interstate or foreign shipment of freight or express," and must be stolen from a "railroad car, station house, platform, depot, steamboat, vessel or wharf." The case of goods was concededly interstate in character. To sustain the conviction, however, it was necessary that the indictment should charge and the evidence establish that the case was stolen from some one of the particular places mentioned in the statute. United States v. Moynihan, 258 Fed. 529, 169 C. C. A. 469. The indictment does not charge where the case was stolen. All that it says on this subject is that the defendant, when he had these "goods and chattels in his possession, knew the same to have been stolen." They were "picked up" by a driver of the express company at the Bush Terminal Building, Brooklyn, New York, and, so far as the record shows, it is not known when and where the change of address on the case was made. The evidence is sadly silent from the time of the delivery of the case at the Bush Terminal Building until it appeared some days later on the platform of the express company in Jersey City. Consequently the crime which the statute denounces was neither charged nor proved.

[3] Assuming that the goods were stolen from a railroad car, station house, or platform, etc., there is another consideration which in our judgment would prove fatal. The facts of the case of Reg. v. Schmidt, 1 Criminal Law Cases, 15, are almost identical with those in the case under consideration. A passenger's "luggage" was stolen from a railway station, and part of it was inclosed by the thieves in a package and sent via the railway company to Brighton to a Mrs. Schmidt. While the package was at the station, but before it was delivered, the theft became known, and it was subsequently discovered that the package

contained part of the stolen "luggage." For the purpose of entrapping Mrs. Schmidt, employees of the railway company delivered the package to her. She was indicted, tried, and convicted for receiving stolen goods. After careful consideration the court held that in the discovery and delivery of the property by officers of the railway company, owner pro hac vice of the property, it lost its character as stolen property, and the verdict was set aside. When the actual, physical possession of stolen property has been recovered by the owner or his agent, its character as stolen property is lost, and the subsequent delivery of the property by the owner or agent to a particeps criminis, for the purpose of entrapping him as the receiver of stolen goods, does not establish the crime, for in a legal sense he does not receive stolen property. Reg. v. Dolan, 29 Eng. Law & Eq. 533; United States v. De Bare (D. C. E. D. Wis.) 25 Fed. Cas. 796, No. 14,935; People v. Jaffe, 185 N. Y. 497, 78 N. E. 169, 9 L. R. A. (N. S.) 263, 7 Ann. Cas. 348; Copertino v. United States, 256 Fed. 519, 167 C. C. A. 585.

There was doubtless an attempt to steal the case of goods, and the evidence tends to show that the defendant was connected with that attempt, which would have succeeded, but for the close observation of Mr. Robertson. We are constrained to hold, however, that on the facts as presented the defendant is not guilty of receiving stolen goods.

The judgment of the District Court is therefore reversed, and a new trial granted.

---

⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes