UNITED STATES of America

v.

Richard J. CAWLEY.

No. 12458.

United States Court of Appeals Third Circuit.

Argued March 18, 1958.

Decided May 23, 1958.

David H. Kubert, Philadelphia, Pa., for appellant.

John A. Erickson, Asst. U. S. Atty., Philadelphia, Pa., (Harold K. Wood, U. S. Atty., Louis C. Bechtle, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

Whether parcel post packages which were stolen from the United States mail retained their character as stolen goods after they were recovered by United States postal inspectors is the issue presented by this appeal.

Defendant Richard J. Cawley was indicted on two counts of violation of Section 1708 of Title 18 of the United States Code.[1] The first count charged defendant with buying certain parcel post packages stolen from the United States mail, knowing that the packages were stolen. The second count charged defendant with possession of the stolen packages. After trial without a jury, the district court found defendant guilty on both counts. The motion for judgment of acquittal or new trial was denied. Concurrent sentences of one year's imprisonment were suspended and periods of three years' probation on each count, to run concurrently, were imposed.

The facts which led to defendant's arrest were these. On March 27, 1957, two thieves were apprehended in the process of stealing a number of parcel post packages from the United States mail. The thieves had taken the packages from a

1. "§ 1708. Theft or receipt of stolen mail matter generally

\*      \*      \*      \*      \*

"Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both; but if the value or face value of any such article or thing does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both." 18 U.S.C. § 1708.

railroad conveyor belt and had hidden them in an underground passageway. It was while they were removing the packages from their secret hiding place that the thieves were detected by the postal inspectors.

After the arrest of the thieves, the postal inspectors took them and the packages to the post office. The packages were opened and their contents checked. Upon interrogation of the thieves the inspectors discovered that they had intended to sell the contents of the stolen parcels to defendant Cawley. The inspectors then requested cooperation of the thieves to continue their original design and to contact defendant to make the sale. The thieves agreed. They approached defendant with the goods, and defendant purchased them under circumstances which would justify the inference that he thought the goods were stolen.

The only question for resolution by this court is whether at the time defendant purchased the goods they had lost their character as stolen goods by reason of their previous recovery by the postal inspectors.

■ The government agrees, as indeed it must, that it is a legal principle of long standing that when stolen goods are recovered by the owner or his agent before they are sold, the goods are no longer to be considered stolen, and the purchaser cannot be convicted of receiving stolen goods.[2] The rule was recognized by this court in United States v. Cohen, 3 Cir., 1921, 274 F. 596, 599:

"* * * When the actual, physical possession of stolen property has been recovered by the owner or his agent, its character as stolen property is lost, and the subsequent delivery of the property by the owner or agent to a particeps criminis, for

the purpose of entrapping him as the receiver of stolen goods, does not establish the crime, for in a legal sense he does not receive stolen property."

See also Copertino v. United States, 3 Cir., 1919, 256 F. 519.

■■ The government urges that it is essential to the rule set forth above that the goods, to lose their stolen character, must be recovered by the owner or his agent. It is argued in this case that since the railroad was carrying the United States mail and the United States postal inspectors are not the agents of the railroad, the goods retained their stolen character even after having been recovered by the postal inspectors. With this we cannot agree. If it is necessary that goods be recovered by the owner's agent, then the postal inspectors here, recovering parcels stolen from the United States mail, are agents for the owner regardless of the fact that the railroad is the carrier for the postal department.[3] The rule that goods cease to be stolen if recovered by the owner or his agent means that such goods cease to be stolen if recovered by the owner or anyone who has a right to possession or control over them. See Regina v. Schmidt, 1 Crown L.C. 15 (1866). Here the postal inspectors certainly had a right to possession of the parcel post packages. It is in fact their explicit duty to recover packages stolen from the United States mail. When the inspectors took possession of the packages, the goods ceased to be stolen, and the subsequent purchase of the goods by defendant Cawley, even though he thought they were stolen, did not violate Section 1708 of Title 18.

The judgment of the district court will be reversed, and the cause will be remanded to the district court with directions to enter judgment of acquittal.

2. See e. g., Regina v. Dolan, 29 Eng.Law & Eq. 533 (1855); Regina v. Schmidt, 1 Crown L.C. 15 (1866). 76 C.J.S. Receiving Stolen Goods § 5 (1952); 45 Am. Jur., Receiving Stolen Property, § 5 (1943).

3. The indictment itself charges that the goods were stolen from the United States mail.