154 N.J. Super. 452 (1977)
381 A.2d 828
STATE OF NEW JERSEY, PLAINTIFF,
v.
ARTHUR GUI TROPIANO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 18, 1977.
*453 Mr. Oscar W. Rittenhouse, Hunterdon County Prosecutor, for plaintiff.
Messrs. Norris, Mc Laughlin & Marcus (by Mr. Richard A. Norris) attorney for defendant.
SCHOCH, A.J.S.C.
By filing a motion to dismiss the indictment defendant presents the court with this interesting question: Is the defense of impossibility available in New Jersey to the crime of attempt?
A recitation of the history of the case is necessary to provide the background out of which this issue has arisen. Sometime in the three-week period before the middle of June 1975 the residence of one Henry Barnard in Hunterdon County was burglarized. Included in the list of stolen property were two Chinese rose medallion garden seats valued at some $2,000. Shortly thereafter one Elaine Miskis was arrested and charged with, among other offenses, the Barnard burglary, *454 and the two Chinese garden seats were recovered by the police. During the course of this investigation Miss Miskis told members of the Somerset County Prosecutor's office that she had previously sold stolen articles to defendant Tropiano, who operates a jewelry store in Somerville. Thereafter Miss Miskis, along with a Somerset County Prosecutor's investigator who was posing as an antique dealer, went to defendant's store and had several conversations about selling these "hot-stolen" garden seats, with the result that on July 8, 1975 defendant went to the Miskis residence in Hunterdon County, bought the garden seats from her for $100 and with the help of the bogus dealer loaded the seats into his vehicle. Thereupon the investigator advised defendant of his true identity and placed him under arrest for receiving stolen property.
The present indictment represents the third endeavor by the Hunterdon County Prosecutor to bring defendant to trial, based on the foregoing factual situation. Defendant was first indicted on a charge of receiving stolen property, in violation of N.J.S.A. 2A:139-1. This indictment was dismissed by this court, on defendant's motion, relying primarily on People v. Rojas, 55 Cal.2d 252, 10 Cal. Rptr. 465, 358 P.2d 921 (Sup. Ct. 1961); U.S. v. Cawley, 255 F.2d 338 (3rd Cir.1958); and U.S. v. Cohen, 274 F. 596 (3 Cir.1921). In Cohen, the Third Circuit stated:
When the actual, physical possession of stolen property has been recovered by the owner or his agent, its character as stolen property is lost, and the subsequent delivery of the property by the owner or agent to a particeps crimins, for the purpose of entrapping him as the receiver of stolen goods, does not establish the crime, for in a legal sense he does not receive stolen property.
Thereafter the matter was again presented to the Hunterdon County grand jury which returned Indictment 106-J-76 charging defendant Tropiano and Elaine Miskis with the crime of conspiracy to receive stolen property, and Indictment 105-J-76, now under attack, charging Tropiano with attempt *455 to receive stolen property, contrary to N.J.S. 2A:85-5 and 2A:139-1.
Thereafter the prosecutor on his own motion, moved to dismiss the conspiracy indictment on the ground that because the acts of Miss Miskis were lawful, the crime of conspiracy was not committed. Not surprisingly, this motion was not opposed by defendant and Indictment 105-J-76 was dismissed by this court, which brings us to a consideration of the issue raised by the third indictment.
The elements of the offense of "attempt to commit a crime" N.J.S.A. 2A:85-5 are: (1) the intent to commit the crime; (2) performance of some act toward commission of the crime, and (3) failure to complete the commission of the crime. State v. Swan, 131 N.J.L. 67, 69 (E. & A. 1943).
Defendant's theory in support of his motion to dismiss the indictment is this: the court's ruling in the original indictment charging receiving stolen property is "the law of the case" and consequently the finding by the court that, at the time of this transaction between defendant and Miskis, the property was not "stolen property," precludes defendant from being charged with the crime of attempting to receive stolen property. He relies on language from State v. Weleck, 10 N.J. 355 (1952):
It is the well settled rule that there cannot be a conviction for an attempt to commit a crime unless the attempt if completed, would have constituted a crime. [at 372]
He also cites as authority the decision of the New York Court of Appeals in People v. Jaffe, 185 N.Y. 497, 78 N.E. 169 (1906), reh. denied, 79 N.E. 1113 (1906).
Defendant takes the position that there was a legal impossibility to commit the crime of receiving stolen property because even if the transaction had been consummated, the previous ruling of the court that the property could not be considered "stolen property" applied, and if the crime itself could not be committed, defendant could not be guilty of attempting to commit it. Defendant further refers to the case of *456 U.S. v. Berrigan, 482 F.2d 171 (3 Cir.1973), for an exposition on the distinction between factual impossibility and legal impossibility, and the significance attached to that difference.
The State advances the argument that the crime of attempt has been committed when a defendant has the intent to commit the particular substantive crime and perform some overt act toward the commission of that crime; the fact that the crime cannot be consummated because of some extraneous fact unknown to defendant does not relieve the defendant of criminal responsibility, citing State v. Meisch, 86 N.J. Super. 279 (App. Div. 1965) certif. den., 44 N.J. 583 (1965); State v. Moretti, 52 N.J. 182 (1968); State v. Palumbo, 137 N.J. Super. 13 (App. Div. 1975); State v. Lavary, 152 N.J. Super. 413 (Law Div. 1977).
In Meisch, supra, defendant was convicted of the crime of attempting to commit larceny based on facts which demonstrated that while alone in the office area of a gasoline service station he thrust his hand into the drawer of a desk, the obvious inference being that he was searching for something to steal. As it happened, the desk drawer was empty. On appeal defendant relied upon the rule that there cannot be a conviction for an attempt to commit a crime unless the attempt, if completed, would have constituted a crime, citing State v. Weleck, 10 N.J. 355, 372 (1952). In rejecting this argument, the court stated:
[T]his rule is to be distinguished from the rule that is applicable to the case of a person designing to perpetuate a crime, when he cannot complete it by reason of the existence of some fact unknown to him at the time. Whenever the law makes it a penal offense to take one step toward the accomplishment of a crime with the intent of a purpose of accomplishing it, a person taking that step, with that intent and purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that by reason of some fact unknown to him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance. [86 N.J. Super. at 281; citations omitted]
*457 The other three cases, Palumbo, Moretti and Lavary, involve defendants charged with the crime of conspiracy rather than attempt, and defendant, in reply to the State's argument in the instant case, suggests that these decisions are therefore inapplicable. In Palumbo defendant was convicted of embezzlement and conspiracy to commit larceny. On appeal he argued that because it was legally impossible for him to commit the crime of larceny (his possession of the goods having been acquired through lawful means) he therefore could not be guilty of conspiracy to commit larceny. The court rejected this argument, applying principles laid down in State v. Moretti, supra, to the effect that the defense of legal impossibility of committing the substantive crime was not applicable to the crime of conspiracy. Also see, State v. Lavary, supra, 152 N.J. Super. at 425.
In State v. Moretti, supra, the Supreme Court upheld the conviction of defendants of the crime of conspiracy to commit an unlawful abortion on a woman, even though the woman was not pregnant. Defendants contended that since it was impossible to commit an abortion upon the woman because she was not pregnant, they cannot be convicted of a criminal conspiracy to commit an abortion. They argued that if no violation of the law was to be accomplished by their act, they could not be held for conspiracy to do that act. The following language of the court in Moretti is pertinent to the issue before this court:
The case has been argued as though, for purposes of the defense of impossibility, a conspiracy charge is the same as a charge of attempting to commit a crime. It seems that such an equation could not be sustained, however, because, as discussed above, a conspiracy charge focuses primarily on the intent of the defendants, while in an attempt case the primary inquiry centers on the defendants' conduct tending toward the commission of the substantive crime. The crime of conspiracy is complete once the conspirators, having formed the intent to commit a crime, take any step in preparation; mere preparation, however, is an inadequate basis for an attempt conviction regardless of the intent [citation omitted] thus, the impossibility that the defendant's conduct will result in the consummation of the contemplated crime is not as pertinent in a conspiracy *458 case as it might be in an attempt prosecution. However, we need not pursue this point since we are satisfied that even if we treat the present appeal as an attempt case the defense of impossibility does not shield the defendants. (emphasis in original) In our view, this case is indistinguishable in principle from cases such as State v. Meisch, 86 N.J. Super. 279. [52 N.J. at P. 187]
After pointing out the similarities between the facts in Meisch and those in Moretti, the court then moved into an analysis of the "confused mass of law throughout the country" regarding the defense of impossibility in an attempt case and analyzed the numerous cases throughout the country, including the case of People v. Jaffe, relied upon by defendant in this case. The court reached this conclusion:
We think the effort to compartmentalize factual patterns into these categories of factual or legal impossibility is but an illusory test leading to contradictory, and sometimes absurd, results. [at 189-190; citations omitted]
The court, in upholding the conviction of defendant, reached this conclusion:
We hold that when the consequences sought by a defendant are forbidden by the law as criminal, it is no defense that the defendant could not succeed in reaching his goal because of circumstances unknown to him. [at 190]
In deciding the present motion the court must assume, for the purpose of this motion only, three things: (1) defendant intended to receive the Chinese garden seats which he thought were stolen property; (2) the act of purchasing the seats for $100 was in furtherance of that intent, and (3) the property in question was not legally stolen property. Concededly there is a disparity of opinion throughout the country as to the applicability of the defense of impossibility in attempt cases. It being the obligation of this court to follow the law as enunciated by our Supreme Court, I find that there is a definite analogy between conspiracy and attempt cases and that the principles of law set forth in Meisch and *459 Moretti should be applied to this case. I find no significant factual difference among, in one instance, the act of a defendant putting his hand into a desk drawer to steal property not knowing that the drawer was empty, or in another instance, the act of arranging for preparing and to perform the abortion on this mistaken assumption that the "patient" was pregnant, and in this case where defendant, thinking the property was stolen, intended to receive it and performed an overt act toward consummation of that purpose. Therefore, in the factual circumstances present here, I hold the defense of impossibility is not available to this defendant.
The motion to dismiss the indictment is denied.