THE STATE v. HARRIS STOW.

Submitted July 7, 1911—Decided November 11, 1912.

A defendant cannot be convicted in a court of this state for an attempt
to commit a crime unless he would have been subject to conviction
in that court if his attempt had been successful, and the crime
had actually been committed by him.

On error to Camden Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and VOORHEES.

For the plaintiff in error, *Harry C. Kramer, Albert S.
Woodruff* and *Floyd H. Bradley.*

For the state, *Henry S. Scovel,* prosecutor of the pleas,
and *Charles A. Wolverton,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The judgment under review
must be reversed. The defendant was indicted under the
second section of the supplement to the General Election law
passed in 1905 (*Pamph. L., p.* 224), for counseling and ad-
vising one Dean Carter to register himself as a voter in the
third election district of the third ward of the city of Camden,
well knowing when he did so that Carter had no residence in
the district, and was not entitled to be registered therein. The
proof was that the defendant wrote, in the city of Camden, a
letter addressed in its body to Dean Carter, containing the
advice and counsel charged in the indictment; that this letter
was mailed in the city of Camden, enclosed in an envelope
addressed to "Mr. David Carter, 4616 Sammon, Bridesburg,
Pa.," and that it was delivered at Bridesburg to one Daniel
Carter, who turned it over to his brother Joseph; that the
latter sent it to a member of the Democratic county commit-

tee, of Camden county, who forwarded it to the prosecutor of the pleas, but that it was never received by, or seen by Dean Carter, the person for whom it was intended.

Upon these facts the trial court charged the jury that they could not find the defendant guilty "of actually getting this man to register as is claimed," but, that, by virtue of the forty-second section of the Criminal Procedure act (*Comp. Stat., p.* 1834) if they believed that the defendant wrote the letter, then it was their duty "to find him guilty of an attempt to commit the crime charged in the indictment." The jury returned a verdict of "guilty of an attempt."

The statutory provision referred to permits a jury, on the trial of an indictment, when it shall appear to them upon the evidence that the defendant did not complete the crime charged, but was guilty only of an attempt to commit the same, to return as their verdict that the defendant is guilty of an attempt to commit the crime charged. It is plain, we think, that, under this provision, a defendant cannot be convicted in any court of this state for an attempt to commit a crime, unless he would have been subject to conviction in that court if his attempt had been successful, and the crime had actually been committed by him. The question, therefore, presents itself, if this letter had been received by Dean Carter at the place to which it had been addressed, and there read by him, as the defendant intended it to be, could the defendant have been convicted in the Camden Quarter Sessions of the crime set out in the indictment? Manifestly, if, instead of writing, the defendant had personally gone to Bridesburg for the purpose of soliciting Dean Carter to illegally register himself in the city of Camden, and had there put that purpose into execution, the act prohibited by the supplement to the General Election law would have been committed in the State of Pennsylvania, and would not have subjected him to trial and conviction in the Camden Quarter Sessions. Does the fact that the solicitation was by writing, instead of by word of mouth, alter the legal situation? We think not; for, in either event, the prohibited act is not completed until the person who is solicited receives the communication, and the

general rule of law is that a crime is to be tried in the place in which the criminal act has been committed; for it is the completed act which gives jurisdiction. *State* v. *Wyckoff*, 2 *Vroom* 65, 68.

We conclude, therefore, that the attempt of the defendant to counsel and advise Carter to violate the Election law in the manner specified in the indictment was made, not within the jurisdiction of the Court of Quarter Sessions of Camden county, but within that of the State of Pennsylvania, and that for this reason the judgment under review must be reversed.