86 N.J. Super. 279 (1965)
206 A.2d 763
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN J. MEISCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1965.
Decided January 21, 1965.
*280 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Jack Pincus argued the cause for appellant (Messrs. Pincus, Shamy & Sheehan, attorneys).
Mr. Carlos Peay, Jr., Legal Assistant, argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
On the morning of June 11, 1963 defendant Meisch entered the gasoline service station operated by Joseph C. Hare in Dumont, New Jersey, purportedly to use the washroom facilities. A short time later Hare noticed Meisch bending over near the desk and safe in the service station office. Upon questioning by Hare, defendant said he was looking for a coin he had dropped. After Meisch said he had found the coin Hare returned to his work at the bay outside the office. Thereafter, Hare saw defendant move a chair in the office about five or six feet to a desk and, after seating himself, thrust his hand into the desk drawer. Hare entered and seized Meisch. Defendant offered Hare and his helper Gresbeck various sums of money if they would not call the police. When his offers were refused, Meisch left the premises *281 and attempted to flee on foot. He was apprehended by police a short distance away.
Defendant was convicted following a jury trial in the County Court upon an indictment charging him with the crime of attempting to commit larceny, in violation of N.J.S. 2A:85-5 and 2A:119-2.

I.
Defendant first alleges the court erred in denying a motion to dismiss at the end of the State's case. He contends the State failed to prove an essential element of the crime, namely, that there was some item of personal property in the desk drawer which could be the subject of the crime of larceny.
Defendant relies upon the rule that there cannot be a conviction for an attempt to commit a crime unless the attempt, if completed, would have constituted a crime. State v. Weleck, 10 N.J. 355, 372 (1952); State v. Schwarzbach, 84 N.J.L. 268 (E. & A. 1913). However, this rule is to be distinguished from the rule that is applicable to the case of a person designing to perpetrate a crime, when he cannot complete it by reason of the existence of some fact unknown to him at the time. Whenever the law makes it a penal offense to take one step toward the accomplishment of a crime with the intent or purpose of accomplishing it, a person taking that step, with that intent and purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that by reason of some fact unknown to him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance. 14 Am. Jur. § 69, p. 817; People v. Moran, 123 N.Y. 254, 25 N.E. 412, 10 L.R.A. 109 (Ct. App. 1890); People v. Gardner, 144 N.Y. 119, 38 N.E. 1003, 28 L.R.A. 699 (Ct. App. 1894).
A common case illustrating the above rule is that of a pickpocket who puts his hand in another's pocket for the purpose of committing larceny, but finds nothing in the pocket. Such an act constitutes an attempt to commit larceny. In *282 such case the accused has done his utmost to effect the commission of the crime, but fails to accomplish it for some cause not previously apparent to him. 14 Am. Jur., supra. See also Clark v. State, 86 Tenn. 511, 8 S.W. 145 (Sup. Ct. 1882); State v. Elliott, 206 Or. 82, 289 P.2d 1075 (Sup. Ct. 1955); People v. Dogoda, 9 Ill.2d 198, 137 N.E.2d 386 (Sup. Ct. 1956). Cf. People v. Rollino, 37 Misc.2d 14, 233 N.Y.S.2d 580, 583 (Sup. Ct. 1962).
Thus in the instant case, it was not essential to justify a conviction for the State to prove that some object of Hare's personal property was contained in the desk drawer which defendant opened and into which he thrust his hand. Here there was evidence of (1) an intent to commit the crime of larceny, and (2) an act done towards its commission. There was no error by the trial court in denying defendant's motion for an acquittal.

II.
Some time after the jury had commenced its deliberations it returned into court and requested the trial judge to "define attempt and intent." The judge did so, and in the course of the supplemental instructions gave examples to illustrate the meaning of such words. Defendant objected to the examples cited by the court and alleges that he was prejudiced thereby.
We have examined the charge and the supplemental charge. We find no error therein. Nor do we find that defendant suffered any prejudice in the examples cited by the court to the jury.
Affirmed.