97 N.J. Super. 418 (1967)
235 A.2d 226
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN J. MORETTI, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARIETTA SCHMIDT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1967.
Decided November 2, 1967.
*419 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. George R. Sommer argued the cause for appellant John J. Moretti.
*420 Mr. Raymond A. Peck, Jr. argued the cause for appellant Marietta Schmidt (Mr. Richard A. Walsh, Essex County Legal Aid Association, of counsel).
Mr. Barry H. Evenchick, Assistant County Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendants John J. Moretti and Marietta Schmidt appeal from a conviction of unlawful conspiracy to commit the statutory crime of abortion on one Sylvia Swidler, contrary to N.J.S. 2A:98-1, N.J.S. 2A:98-2 and N.J.S. 2A:87-1. Lawrence Gianettino was also convicted under the same charge but died shortly after the trial.
The State's case may be summarized as follows.
Sylvia Swidler, a special investigator employed in the Essex County Prosecutor's office, was used as a decoy to arrange through defendants Schmidt and Moretti to have an abortion to terminate an allegedly unwanted pregnancy. The abortion was to have been performed by defendant Gianettino, an inspector for the New Jersey State Board of Barber Examiners. Gianettino, by appointment, arrived at Mrs. Swidler's home with a bag of instruments to perform the abortion. As soon as Mrs. Swidler paid him $600 in marked money, detectives who were secreted in and about the house arrested him.
The State concedes, and Mrs. Swidler testified, that she was not actually pregnant at the time.
A principal argument made by both defendants on this appeal is that there cannot be a criminal conspiracy where attainment of the unlawful object thereof is inherently impossible. It is pointed out that in this State an essential element of the crime of abortion is the pregnancy of the woman. See State v. Colmer, 45 N.J. Super. 236 (App. Div. 1957). Since Mrs. Swidler was not pregnant and *421 could not have been aborted, defendants argue that it was legally impossible for defendants to have conspired to commit such act.
We conclude that Mrs. Swidler's nonpregnancy was not a defense to the charge of conspiracy herein. She could have been pregnant, as defendants manifestly thought she was, so that attainment of the unlawful object was not inherently impossible. The essential elements of the statutory crime of conspiracy are the criminal agreement and overt act in furtherance thereof. State v. Dennis, 43 N.J. 418 (1964). Defendants' corrupt plan and overt acts towards its accomplishment were no less anti-social, even though Mrs. Swidler was not enceinte. Cf. State v. Meisch, 86 N.J. Super. 279 (App. Div. 1965), certification denied, 44 N.J. 583 (1965).
Defendants refer to the dictum in In re Vince, 2 N.J. 443, 449 (1949), to support their contention. However, in that case the court was concerned with the question whether the woman upon whom the abortion was performed could herself be charged with a crime.
There are cases in other jurisdictions which hold that there cannot be an unlawful conspiracy where there is a legal impossibility to commit the substantive act. Ventimiglia v. United States, 242 F.2d 620 (4 Cir. 1957); O'Malley v. United States, 227 F.2d 332 (1 Cir. 1955); Macias v. People, 421 P.2d 116 (Colo. Sup. Ct. 1966). However, these decisions are not pertinent since here there was no legal impossibility to commit the substantive act. See Craven v. United States, 22 F.2d 605 (1 Cir. 1927); certiorari denied, 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739 (1928); Beddow v. United States, 70 F.2d 674 (8 Cir. 1934).
Defendant Moretti also contends that the New Jersey abortion statute, N.J.S. 2A:87-1, is so vague and indefinite that it "suffers a constitutional infirmity." This contention is based upon the opinion of Chief Justice Weintraub (dissenting in part) in Gleitman v. Cosgrove, 49 N.J. 22 *422 (1967), where he criticized the language "without lawful justification" in our abortion statute. Suffice it to note that the Chief Justice was considering the legality of a eugenic abortion in New Jersey and was concerned with the constitutionality of the statute only as applied to a eugenic abortion. Defendant makes no contention that there was any lawful justification for the intended abortion of Mrs. Swidler.
Defendant Schmidt argues that the motions for a judgment of acquittal in her favor should have been granted, and that there was insufficient evidence to support the verdict of the jury. We have reviewed the State's proofs and conclude that a jury issue as to Mrs. Schmidt's guilt was presented. Also, we find in such proofs, including the reasonable inferences to be drawn therefrom, ample evidence to support the jury's verdict.
We see no merit in defendant Schmidt's charge that she was prejudiced by the comments of the trial court during her cross-examination. The trial court was called upon to make rulings on objections by defendant's counsel. The court's explanation of the basis of the rulings was legitimate comment which in no way prejudiced this defendant.
Affirmed.
LEONARD, J.A.D. (dissenting).
I disagree with the conclusion of the majority. I cannot concur with the premise that because defendants manifestly thought the prosecutor's investigator was pregnant, "the attainment of the unlawful object was not inherently impossible" and consequently "there was no legal impossibility to commit the substantive act."
Defendants were convicted of the statutory crime of conspiring to commit abortion. N.J.S. 2A:98-1 (a); N.J.S. 2A:87-1. In this State pregnancy of the woman is an essential element of the crime of abortion and proof thereof is required for conviction. State v. Colmer, 45 N.J. Super 236 (App. Div. 1957), certification denied 25 N.J. *423 44 (1957); State v. Sudol, 43 N.J. Super. 481, 483 (App. Div. 1957), certification denied 25 N.J. 132 (1957), certiorari denied 355 U.S. 964, 78 S.Ct. 555, 2 L.Ed.2d 539 (1958). It is conceded that the investigator was not pregnant. Thus it could not have been legally possible to convict defendants of the substantive crime.
I therefore conclude that the impossibility here present is not factual, but to the contrary, legal and inherent in the very nature of the crime charged. This conclusion mandates a reversal of defendants' convictions. See In re Vince, 2 N.J. 443, 449 (1949); Ventimiglia v. United States, 242 F.2d 620 (4 Cir. 1957); O'Malley v. United States, 227 F.2d 332 (1 Cir. 1955) certiorari denied 350 U.S. 966, 76 S.Ct. 434, 100 L.Ed. 838 (1956); Macias v. People, 421 P.2d 116 (Colo. Sup. Ct. 1966); State v. Nevius, 77 Ohio App. 161, 66 N.E.2d 243 (Ct. App. 1945), modified, 147 Ohio St. 263, 71 N.E.2d 258 (Sup. Ct. 1947), certiorari denied 331 U.S. 839, 67 S.Ct. 1521, 91 L.Ed. 1851 (1947).
The distinction between legal and factual impossibility is recognized in State v. Meisch, 86 N.J. Super. 279, 281 (App. Div. 1965) certification denied 44 N.J. 583 (1965); Cf. State v. Weleck, 10 N.J. 355, 372 (1952); State v. Stow, 83 N.J.L. 14 (Sup. Ct. 1912); Marley v. State, 58 N.J.L. 207 (Sup. Ct. 1895); State v. Cooper, 22 N.J.L. 52 (Sup. Ct. 1849); Perkins, Criminal Law, p. 494 (1957).
As the court said in Ventimiglia v. United States, supra,
"The furtiveness with which the defendants acted does not convert into a crime what Congress has not made criminal. Whatever opinion one may have as to the moral quality of what was done, it must be said it is not what the statute forbade." 242 F.2d, at p. 624
I would reverse defendants' convictions.