IN RE APPEAL NO. 568, September Term,
1974 from the Circuit Court of
Baltimore City, sitting as
a Juvenile Court

[No. 568, September Term, 1974.]

*Decided March 14, 1975.*

The cause was argued before MORTON, THOMPSON and POWERS, JJ.

*Arnold Zerwitz, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender, George E. Burns, Jr.,* and *Alan H. Silverberg, Assistant Public Defenders,* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City* and *Clarence Long, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, a male child fourteen years of age,[1] was adjudged to be a delinquent by the Division of Juvenile Causes in the Circuit Court of Baltimore City (Hammerman, J., presiding) and committed to the Department of Juvenile Services.

In this appeal it is contended that "[t]here was no proof of ownership of the property the appellant allegedly attempted to take and therefore the evidence is insufficient to sustain the conviction."

A uniformed Baltimore City police officer testified at the hearing below that about 4 p.m. in the afternoon of April 30, 1974, he and a fellow officer "were working a purse snatch, pickpocket detail in the downtown area * * *." According to the officer, they were standing in the display window of a department store at the corner of Howard and Lexington Streets when he observed "a white female, approximately thirty-five years of age, approach the intersection * * * followed closely by two black male youths. * * * I observed one of the youths [whom he identified as appellant] reach over with his right hand and lift up a flap to her purse which was hanging from her left shoulder, reach inside of her

---

1. Maryland Rule 1097 prohibits use of a juvenile's name.

purse." He "notified my partner" and as they left the store, "I observed another black male that was in company of the first male reach over and place his hand in the purse at which time he saw myself and the other officer entering the scene." Both youths "broke and ran" in opposite directions. They were pursued by the officers and both were apprehended. The intended victim, who was apparently unaware of what had been taking place, disappeared into the crowd and has never been located.

The appellant did not testify.

In this factual posture, appellant contends that the evidence before the juvenile judge was legally insufficient to establish an attempted larceny because the State failed to produce the intended victim as a witness and failed to prove what her pocketbook contained. To establish the crime of larceny, the appellant contends, it is necessary to prove "ownership of the property alleged to have been stolen * * *," citing *Wersten v. State*, 228 Md. 226, 228, and *Lee v. State*, 238 Md. 224. From this, he argues that "the attempt is, in this case, no different from the completed offense" and since "[n]ot a single word in the case at bar was offered to show that the 'unknown female' had any legal interest in the property the Appellant allegedly attempted to take," a finding that he was guilty of attempted larceny and, therefore, a delinquent must fall.

While we do not quarrel with appellant's premise that proof of ownership, or at least a possessory interest in the property attempted to be stolen, is an essential ingredient to a conviction of larceny, *Santoni v. State*, 5 Md. App. 609, 622, we cannot subscribe to his proposition that there is no difference between the legal requisites to establish the crime of larceny and the legal requisites to establish the crime of attempted larceny.

The appellant, in effect, argues that without the testimony of the victim there was no proof that her purse contained anything of value. This being so, he asserts that "the instant case is a classic legal impossibility situation." It is certainly true that "[l]egal impossibility to commit the

intended crime may be a valid defense and where the impossibility arises by operation of law the accused cannot be convicted of an attempt." *Waters v. State,* 2 Md. App. 216, 226. On the other hand, the cases and text authorities delineate a distinction between a "legal impossibility" to commit the intended crime and what has been termed "factual impossibility" to commit the crime. While the distinction may be clear or cloudy, depending upon the factual circumstances in which the issue arises, there nevertheless is a distinction. Thus, "legal impossibility" may excuse the attempt to commit an intended crime but "factual impossibility" will never serve as a valid defense to such conduct.

In *Waters, supra,* it was pointed out that at common law a boy under 14 years of age could not be found guilty of rape and, therefore, it was legally impossible for him to be found guilty of attempted rape. On the other hand, "[p]hysical incapacity to commit a crime does not affect the capacity of one to be guilty of an attempt. Thus a man who is physically impotent may be guilty of an attempt to commit rape."

Focusing the distinction somewhat closer to the factual situation presented in the case before us, it is stated in Clark and Marshall, *A Treatise on the Law of Crimes,* 7th ed., § 4.10:

> "According to the decided weight of authority, both in England and in this country, an apparent possibility to commit the intended crime is sufficient. The fact that conditions exist which render the actual consummation of the crime impossible does not prevent the party from being guilty of an attempt, if the conditions are not known to him. Thus, it has repeatedly been held that a person who attempts to pick another's pocket is guilty of an attempt to commit larceny, though there is nothing in the pocket."

*See also* 1 *Wharton's Criminal Law and Procedure* (Anderson Ed. 1957) § 78, pp. 162-164; *Perkins on Criminal*

*Law,* Ch. 6 § 3A, pp. 492-493; 52 A C.J.S., *Larceny,* § 67, p. 500.

An examination of the cases throughout the country gives ample support to this conclusion. For example, as early as 1862 the issue was addressed in *State v. Wilson,* 30 Conn. 500 (1862) when a transient was arrested for attempting to pick the pocket of an unknown woman. Because the State was unable to prove the value, if any, of monies or other items which the unidentified woman may have had in her pocket, counsel for the defendant argued "that without proof of the name of the woman, and the fact that there was property in her pocket" the conviction must fail. The argument was rejected, the court noting that the offense of attempt was complete regardless of whether the woman, in fact, had valuables in her pocket. *See also Annot.* 37 A.L.R.3d 375; *Gargan v. State,* 436 P. 2d 968 (Alas. 1968); *People v. Richardson,* 207 N.E.2d 453 (Ill. 1965); *State v. Meisch,* 206 A. 2d 763 (N.J. Super. Ct. 1965); *People v. Twiggs,* 35 Cal. Rptr. 859 (Dist. Ct. App. 1963); *People v. Fiegelman,* 91 P. 2d 156 (Dist. Ct. App. 1939); *Commonwealth v. Cline,* 100 N. E. 358 (Mass. 1913); *People v. Moran,* 25 N. E. 412 (N.Y. 1890); *People v. Jones,* 9 N. W. 486 (Mich. 1881).

Perhaps the closest Maryland case to address the issue is *Franczkowski v. State,* 239 Md. 126, where it was said, at 126-127:

> "The question presented by this appeal, as to whether an attempt to obtain money or other property by a false pretense has been committed when the potential victim was not deceived and did not part with any money or property, is a novel one in this State."

There, the accused had presented a stolen money order to the manager of a store who suspected that it might have been stolen. He had the accused sign it and then left the store, ostensibly for the purpose of getting it cashed, and returned with a policeman who arrested the accused. The Court stated, at 127-128:

> "Although the defendant contends that he should

not have been convicted of attempting to obtain money by false pretenses because the potential victim was not in fact deceived, the law is to the contrary. It is true, as was said in *Davis v. State*, 229 Md. 129, 141, 182 A. 2d 49, 50 (1962), that 'an essential element of obtaining money by false pretenses is that the victim actually relied upon the false representation,' but the cases and the text writers make it clear that a distinction is drawn between the completed crime and an *attempt* to commit it. [Citations omitted.]

The elements of attempt to obtain money by a false pretense, like other attempts to commit a crime, are an intent to commit it, the doing of some act towards its commission, and the failure to consummate its commission. *Wiley v. State*, 237 Md. 560, 207 A. 2d 478 (1965). And it is not necessary in order to establish an intent that the potential victim was deceived and had parted with money or property. [Citations omitted.] As was said in *Whitley v. Warden*, 209 Md. 629, 120 A. 2d 200 (1956), *cert. den.* 351 U. S. 929 (1956), one may be innocent of an act but guilty of an attempt to commit it." [Footnote omitted.]

In the case at bar, it is perfectly evident that appellant attempted to place his hand into the unknown victim's purse and it is certainly a rational inference that he intended to appropriate to himself anything of value which may have been there. His mission was thwarted when he realized his actions were being observed by a uniformed policeman and he thereupon "cut and ran." That the State was unable to prove what the pocketbook contained, or to establish the ownership of an article it might have contained, does not, under the authorities, prevent his action from constituting an attempted larceny. Had the purse been empty, he could not have been found guilty of larceny. His possible innocence of larceny, however, does not preclude his guilt of attempting to commit it.

The appellant's related contention that "the trial court erred in not dismissing the [juvenile] petition for its lack of specificity" is wholly without merit. Maryland Rule 903 b 4 simply requires that the juvenile petition contain:

"4. Facts.

A statement in simple and nontechnical language of such facts on which the action is based as are sufficient to establish the court's jurisdiction."

The petition in the case at bar provided:

"* * * in company with * * * unlawfully did attempt to steal, take and carry away the goods, chattels, monies and/or property of an unknown female, in the presence of two complaining officers of the Baltimore City Police Department."

The petition was sufficiently specific under the circumstances.

*Judgment affirmed.*