919 A.2d 178 (2007)
391 N.J. Super. 609
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert T. CONDON, a/k/a Bob T. Condon, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 30, 2007.
Decided April 10, 2007.
*179 Yvonne Smith Segars, Public Defender, for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).
Wayne J. Forrest, Somerset County Prosecutor, for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).
Before Judges COBURN, R.B. COLEMAN and GILROY.
The opinion of the court was delivered by
GILROY, J.A.D.
The question presented is whether a defendant charged with attempted sexual assault may be found guilty under N.J.S.A. 2C:5-1a(1), where the defendant is arrested before completing the act, which would have constituted the underlying crime. We hold that he may not be found guilty under that section of the criminal attempt statute. We also hold that under those facts, if the defendant has taken a substantial step toward commission of the underlying crime, the defendant may be found guilty under N.J.S.A. 2C:5-1a(3).
On October 12, 2000, a Somerset County Grand Jury charged defendant Robert T. Condon, a/k/a Bob T. Condon, with second-degree attempted sexual assault of a victim "he believed to be a thirteen-year-old female," N.J.S.A. 2C:14-2c(4) and N.J.S.A. 2C:5-1 (Count One), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4 (Count Two). Defendant moved to dismiss the indictment, contending that the State failed to present evidence to the Grand Jury establishing that *180 the victim was, in fact, a thirteen-year-old girl. On February 23, 2001, the motion was denied. On leave to appeal, we affirmed as to Count One, but reversed as to Count Two, and remanded to the trial court for entry of an order dismissing the second count of the indictment. State v. Condon, No. A-4501-00T5 (App.Div. September 25, 2001) (slip op. at 7). Tried to a jury, defendant was convicted of attempted sexual assault. Following a Horne[1] hearing, the trial judge concluded that defendant was a repetitive and compulsive sexual offender under the New Jersey Sex Offender Act, N.J.S.A. 2C:47-1 to -10, and sentenced defendant to eight years of confinement at the Adult Diagnostic and Treatment Center at Avenel. All appropriate penalties and assessments were also imposed.
On appeal, defendant argues:
POINT I.
THE COURT'S ERROR IN ITS JURY INSTRUCTION ON ATTEMPTED SEXUAL ASSAULT REQUIRES REVERSAL.
POINT II.
THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE, AND ITS IMPOSITION WAS CONSTITUTIONALLY DEFECTIVE UNDER STATE v. NATALE[, 184 N.J. 458, 878 A.2d 724 (2005)]. THE SENTENCE MUST BE VACATED AND THE MATTER REMANDED FOR RESENTENCING.
For reasons that follow, we are constrained to reverse the conviction.
On July 27, 2000, Detective Andrew Lippitt of the Somerset County Prosecutor's Office, temporarily assigned to the Federal Bureau of Investigation's (FBI) Child Exploitation Task Force, began an investigation of an internet user, named "Basehearts," later identified as defendant. Lippitt pretended to be a thirteen-year-old girl with the screen name of "Sara Silly." Posing as Sara, Lippitt communicated with defendant for approximately two weeks, during which time Lippitt informed defendant that Sara was thirteen years old. As the messaging progressed, defendant introduced sexual topics such as kissing, touching and intercourse. He also instructed Sara, in graphic detail, how she should masturbate. Eventually, defendant proposed that he and Sara see a movie together; and then go to his car to perform vaginal intercourse. Defendant told Sara that he would bring her a key chain with her name on it. The meeting was to occur at the Bridgewater Commons Mall on August 14, 2000.
On the day of the meeting, members of the Bedminster Township Police Department, the FBI Task Force, and the Somerset County Prosecutor's Office positioned themselves at the mall. At approximately 11:00 a.m., as defendant entered the mall, he was taken into custody and transported to the Somerset County Prosecutor's Office where, having been read his Miranda[2] rights, defendant admitted that he had attempted to meet a minor for sex. A search of defendant's car revealed a box containing key chains and an assortment of beads marked with letters, including letters that could be used to spell "Sara."
After close of the case, the trial judge instructed the jury that it could find defendant guilty of attempted sexual assault under two alternative theories of liability, N.J.S.A. 2C:5-1a(1) (impossibility), or N.J.S.A. 2C:5-1a(3) (substantial step in the course of conduct). As to the first theory of liability, the judge charged the jury in pertinent part:

*181 Second element [that the State must prove] is that the defendant engaged in conduct which would constitute the crime of sexual assault had the facts been as a reasonable person would have believed them to be. If the accused purposely engaged in conduct which would constitute the crime of sexual assault had the facts been as a reasonable person would have believed them to be, you should consider that conduct as evidence of the guilt of attempt to commit sexual assault. It does not matter that the defendant failed to accomplish his intended result because the facts were not as a reasonable person would have believed them to be. It's no defense that the defendant could not succeed in reaching his intended result because of circumstances that were unknown to him. However, there cannot be an attempt to commit the crime unless the attempt, if completed, would have constituted a crime.
Concerning the second theory of liability, the judge instructed the jury:
Second element [that the State must prove] is that the defendant purposely did or  purposely did anything which under the circumstances as a reasonable person would believe them to be is an act that is a substantial step in the course of conduct planned to culminate in his commission of the crime of sexual assault. However, the step taken must . . . strongly show[ ] that . . . the defendant's criminal purpose. That is, the step taken must be substantial and not just a very remote preparatory act, and must show that the accused had a firmness of criminal purpose.
Following deliberations, the jury found defendant guilty of attempted sexual assault without specifying under which theory of liability it had reached its verdict.
On appeal, defendant "concedes that his behavior fell within the range that could be defined as a substantial step towards commission of a sexual assault." However, defendant argues that the trial judge erred by instructing the jury that it could find him guilty of attempt under the theory of impossibility, N.J.S.A. 2C:5-1a(1). The State counters that the trial judge properly instructed the jury because Sara, a virtual thirteen-year-old girl created by Lippitt, could not have been sexually assaulted, even though defendant planned to, and had taken substantial steps to, carry out the act. The State contends that because it was impossible for defendant to have completed the crime he had attempted, the instruction was correct. We disagree.
"[C]lear and correct jury instructions are essential for a fair trial." State v. Brown, 138 N.J. 481, 522, 651 A.2d 19 (1994). Jury instructions constitute "a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations." State v. Martin, 119 N.J. 2, 15, 573 A.2d 1359 (1990). "So critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error." Ibid. Accord, State v. Rhett, 127 N.J. 3, 7, 601 A.2d 689 (1992) (holding "that incorrect charges on substantive elements of a crime constitute reversible error").
Prior to the enactment of the New Jersey Code of Criminal Justice (the Criminal Code), effective September 1, 1979, the State's criminal statutes did not contain a definition for the offense of criminal attempt. Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:5-1 (2006) (citing comment 2 from 1971 commentary). The prior criminal statutes merely provided that "[a]n attempt to commit an indictable offense is a misdemeanor, *182 but the punishment shall not exceed that provided for the crime or offense attempted." N.J.S.A. 2A:85-5. In applying the statute, "`the Courts lacking legislative guidance, . . . followed the principles of attempt liability developed at the common law.'" Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:5-1 (2006) (quoting 1971 commentary).
Criminal attempt is presently defined in the Criminal Code in relevant part as follows:
A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
(1) Purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be;
(2) When causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing such result without further conduct on his part; or
(3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
[N.J.S.A. 2C:5-1a]
The statute creates three separate categories of criminal attempt. State v. Smith, 262 N.J.Super. 487, 503, 621 A.2d 493 (App.Div.), certif. denied, 134 N.J. 476, 634 A.2d 523 (1993). The first category, subsection a(1), is "where the criminal act is complete but for the attendant circumstances which did not coincide with the actor's reasonable belief"; the second, subsection a(2), is "where the criminal act is very nearly complete and requires one more step either beyond the actor's control or not requiring his control for completion"; and the third, subsection a(3), is "where the actor has taken a substantial step toward commission of a crime." Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:5-1 (2006).
Applications of the impossibility theory of attempt may be found in the pre-Criminal Code cases of State v. Moretti, 52 N.J. 182, 244 A.2d 499, certif. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968) and State v. Meisch, 86 N.J.Super. 279, 281-82, 206 A.2d 763 (App.Div.), certif. denied, 44 N.J. 583, 210 A.2d 627 (1965). In Moretti, defendants were found guilty of conspiracy to commit an unlawful abortion on a woman who turned out not to be pregnant. Because the case had been argued "as though, for purposes of the defense of impossibility, a conspiracy charge is the same as a charge of attempting to commit a crime," id. at 187, 244 A.2d 499, the Court discussed the defense of impossibility to a charge of attempted abortion. Id. at 187-88, 244 A.2d 499. The Moretti Court held that the impossibility of performing an abortion on the woman would not have been a defense to the crime of attempted abortion. Id. at 188, 244 A.2d 499. "[W]hen the consequences sought by a defendant are forbidden by the law as criminal, it is no defense that he could not succeed in reaching his goal because of circumstances unknown to him." Id. at 190, 244 A.2d 499. Applying Moretti to subsection a(1) of the present Criminal Code, if the defendants had inserted an instrument into the woman in furtherance of performing the act, believing that the woman was pregnant when, in fact, she was not, they could still be convicted of attempted abortion.
In Meisch, the defendant was found guilty of attempted larceny by reaching into an empty desk drawer with the intent *183 to steal items that he believed were contained inside. Defendant moved to dismiss the charge at the end of the State's case, contending that the State had failed to prove that there was an item of personal property contained in the desk drawer which could have been the subject of the crime of larceny. Defendant contended that "there cannot be a conviction for an attempt to commit a crime unless the attempt, if completed, would have constituted a crime." Meisch, supra, 86 N.J.Super. at 281, 206 A.2d 763. This court rejected the argument, finding that defendant's conduct fell within the impossibility category of attempt because his actions would have constituted larceny if the circumstances were as he had believed them to have been. Id. 281-82, 206 A.2d 763. See also State v. Sodders, 208 Neb. 504, 304 N.W.2d 62, 64 (1981) (providing an example of where a person could be convicted of attempted murder where the person purposefully or knowingly aims what he believes is a properly functioning gun at another person and pulls the trigger, intending to kill the other person, unaware that the gun is inoperable).
In order to complete a criminal act under subsection a(1), a defendant would have to have taken a substantial step toward the commission of the crime under subsection a(3). Accordingly, under subsection a(1), where a defendant "purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be," we are satisfied that he or she could also be charged under subsection a(3). However, the same is not true when the defendant fails to complete the criminal act under subsection a(1). In that case, if the defendant has taken a substantial step toward the commission of a crime, he or she may only be charged under subsection a(3).
Here, defendant did not complete the criminal act, nor under the circumstances, could he have done so. Accordingly, N.J.S.A. 2C:5-1a(1) was not applicable. Under these facts, only subsection a(3) should have been charged. See State v. Condon, supra, slip. op. at 4, wherein upholding the denial of the motion to dismiss the attempted sexual assault charge, we only referenced subsection a(3) of the attempt statute. Because the jury was instructed that it could convict defendant under either subsection a(1) or a(3), we are constrained to reverse. Martin, supra, 119 N.J. at 15, 573 A.2d 1359. We cannot determine whether the jury convicted defendant solely under the impossibility theory a(1), and but for unknown reasons, would have acquitted him under subsection a(3); or whether they convicted him solely under the substantial step in the course of conduct theory under subsection a(3). Because "there is no assurance that the jurors understood and applied the correct legal principles in reaching their verdict," we reverse and remand for a new trial. State v. Samuels, 189 N.J. 236, 255, 914 A.2d 1250 (2007).
Reversed.
NOTES
[1] State v. Horne, 56 N.J. 372, 375, 267 A.2d 1 (1970).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).