# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1053-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DOUGLASS A. WALTON,

     Defendant-Appellant.

_____

Argued September 11, 2025 – Decided October 2, 2025

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 22-02-0018.

Kevin S. Finckenauer, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Kevin S. Finckenauer, of counsel and on the briefs).

Bethany L. Deal, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Bethany L. Deal, of counsel and on the brief).

PER CURIAM

Following a jury trial, defendant Douglass A. Walton was convicted of second-degree luring or enticing a child by various means, N.J.S.A. 2C:13-6(a) (count one); second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(4) (count two); and third-degree attempted endangering the welfare of a child by impairing or debauching the morals of a child, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:24-4(a)(1) (count three). The trial court merged counts two and three, then imposed a seven-year prison term on count one, with a concurrent seven-year term to be served at the Department of Corrections Adult Diagnostic and Treatment Center ("ADTC") on the merged counts.

On appeal, defendant raises the following contentions:

POINT I

THE EVIDENCE PRESENTED AT TRIAL IS INSUFFICIENT TO SUSTAIN A LURING CONVICTION BECAUSE THE FICTITIOUS VICTIM INVITED THE DEFENDANT TO COME TO HIS HOUSE AND THERE WERE NO EFFORTS TO ISOLATE THE "VICTIM," TO GET HIM TO LEAVE A PLACE OF SAFETY, OR TO ENTICE HIM TO MEET

POINT II

THE TRIAL COURT'S FINAL JURY CHARGES ERRONEOUSLY GAVE THE JURY TWO CONFLICTING INSTRUCTIONS FOR EACH ATTEMPT OFFENSE, ERRONEOUSLY INCLUDED INAPPLICABLE LANGUAGE ABOUT IMPOSSIBILITY ATTEMPT, IMPROPERLY

RECITED EVERY PIECE OF BAD EVIDENCE AGAINST MR. WALTON MULTIPLE TIMES, AND FAILED TO SPECIFY AN UNDERLYING OFFENSE FOR THE LURING CHARGE (Not Raised Below)

POINT III

THE TRIAL COURT ERRONEOUSLY REFUSED TO CONSIDER MR. WALTON'S CHILDHOOD SEXUAL ABUSE UNDER MITIGATING FACTOR FOUR AT SENTENCING

Because we find the court's jury instructions were capable of confusing the jury, we vacate the convictions for attempted sexual assault and attempted endangering the welfare of a child and remand for a new trial on those counts. We affirm defendant's luring conviction and sentence on that count.

I.

According to the record, a detective sergeant from the Red Bank Police Department created a fake account on Grindr, an online dating application used primarily by gay and bisexual men, posing as a fourteen-year-old boy. The officer also created a corresponding account on Kik, a messaging application, and included his Kik user information in his Grindr profile. Defendant contacted the officer via Kik believing the officer was a fourteen-year-old boy named "Billy." These conversations became increasingly sexual and culminated in defendant arranging to meet Billy for sexual intercourse. Defendant arrived at

Billy's house on an agreed-upon date and was arrested. When arrested, defendant had a condom and personal lubrication on his person.

A grand jury returned a three-count indictment charging defendant with second-degree luring or enticing a child by various means, N.J.S.A. 2C:13-6(a); second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(4); and third-degree attempted endangering the welfare of a child by impairing or debauching the morals of a child, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:24-4(a)(1). Defendant moved to dismiss the luring charge, which was denied. Defendant was tried by a jury, in absentia, and his counsel moved for acquittal at the close of the State's case, which the trial court also denied. The jury convicted defendant of all three counts, and on June 2, 2023, the trial court sentenced him to a seven-year custodial term with Megan's Law registration requirements and parole supervision for life.

At sentencing defendant requested the court find mitigating factor four—that "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense," N.J.S.A. 2C:44-1(b)(4)—alleging he had been sexually assaulted as a child. The trial court declined to apply the factor, finding defendant's claims unsubstantiated. Defendant moved

for reconsideration of his sentence, which was also denied. This direct appeal of his conviction and sentence followed.

## II.

### A. Defendant's motion for acquittal of luring charge

We review the denial of a motion for acquittal made pursuant to Rule 3:18-1 by determining whether the State's evidence, viewed in its entirety and with the benefit of all favorable testimony and inferences drawn therefrom, allows "a reasonable jury [to] find guilt of the charge beyond a reasonable doubt." State v. Berry, 254 N.J. 129, 150 (2023) (quoting State v. Reyes, 50 N.J. 454, 459 (1967)). "In assessing the sufficiency of the evidence on an acquittal motion, we apply a de novo standard of review." State v. Williams, 218 N.J. 576, 593-94 (2014).

Enacted in 1993 and amended several times to broaden its scope, see State v. Perez, 220 N.J. 423, 434 (2015), New Jersey's luring statute, N.J.S.A. 2C:13-6(a), "criminalize[s] the early stages of what may develop into kidnapping or a sex offense." Perez, 220 N.J. at 434 (quoting State v. Perez (Manuel), 177 N.J. 540, 548 (2003)). The statute states an individual commits "luring," a second-degree offense:

> if he attempts, via electronic or any other means, to lure
> or entice a child or one who he reasonably believes to

A-1053-23

be a child into a motor vehicle, structure or isolated area, or to meet or appear at any other place, with a purpose to commit a criminal offense with or against the child.

[N.J.S.A. 2C:13-6(a).]

See also Model Jury Charges (Criminal), "Luring (N.J.S.A. 2C:13-6)" (rev. Oct. 18, 2010) (defining "lure" or "entice" as "to attract, tempt, induce or coax"). "The prohibited conduct is thus defined by its aim to lead someone into a dangerous or difficult situation that they otherwise would not have entered." State v. Martinez-Mejia, 477 N.J. Super. 325, 336 (App. Div. 2023), certif. denied, 256 N.J. 338 (2024) (defendant committed luring when he messaged an undercover officer posing as a female child with the intent of having her "stay[] alone, isolated, and vulnerable to meet [him] for an illegal sexual encounter"). We have also previously rejected the argument that an individual cannot legally be found guilty of luring by enticing a child, or someone they reasonably believed to be a child, to meet at the child's home, as the child's home is deemed to be "any other place" pursuant to N.J.S.A. 2C:13-6(a).[1] Id. at 328.

---

[1] The State cites this conclusion from Martinez-Mejia in its brief, and assumes defendant is "argu[ing] on appeal for a narrowed interpretation of [N.J.S.A. 2C:13-6(a)] that would excuse his conduct of arranging to meet someone he thought was a fourteen-year-old child for sex in the child's bedroom because he did not try to lure the child outside his own home." However, this is an

Defendant argues he never lured or enticed Billy because it was Billy who "suggested to [defendant] four times that [defendant] should come over before [defendant] went to the house," and if Billy "had not made those overtures and suggestions, there would have been no attempted meetings"[2]  Additionally, defendant alleges "the suggestion of meeting was first made by [Billy]."  These contentions are belied by the record.  After defendant, who initiated the conversation, learned Billy was fourteen years old, the following dialogue ensued:

> DEFENDANT:  Do you have pics and where you from[?]
>
> BILLY:  Yea I'm 14 will be 15 in January.  I'm from Toms River. U[?]
>
> DEFENDANT:  Hillsborough.  You have pics?
>
> BILLY:  That's far right
>
> DEFENDANT:  Idk maybe 30-45 minutes

---

inaccurate assessment of defendant's argument, as defendant clarifies in his reply brief "the issue is not that [defendant] went to the home where the minor was supposed to be rather than some other location, it is that [defendant] was not the one doing the luring and enticing."

[2]  Although this contention appears similar to an entrapment defense, see State v. Gibbons, 105 N.J. 67, 73 (1987), defendant asserted no such defense at the trial level or on appeal.

A-1053-23

. . . .

DEFENDANT:  [You] want to talk on cam

BILLY:  Ehhhh I hafta shower.  I message u in a bit

DEFENDANT:  Ok

. . . .

DEFENDANT:  So what are you looking for

BILLY:  I'm just curious.  I really don't know what I'm looking for right now.  I'm just inexperienced[.]  But I'm willing to learn

DEFENDANT:  Are you gay or bi

BILLY:  Bi u

DEFENDANT:  Gay[.]  You want to talk on cam[.]

BILLY:  I don't wanna cam rn . . . .

. . . .

DEFENDANT:  So you're attracted to older men?

BILLY:  Yea I am.  U like younger guys

DEFENDANT:  Depends on the guy but generally yes

. . . .

DEFENDANT:  Do you have some pics?

[Defendant and Billy exchange non-explicit photographs]

A-1053-23

DEFENDANT: You have any others? Any sexy ones?

BILLY: I'm sorry I don't. Are u driving now

DEFENDANT: No I'm at the doctor[.] Why

BILLY: Just dunno if u were by me

DEFENDANT: No sorry I should be available tomorrow if you want to meet

. . . .

DEFENDANT: What would you want to do?

BILLY: I mean what do u think. I'll try anything I'm willing

DEFENDANT: Kissing, touching, massages, sucking?

As the dialogue indicates, it was defendant who initiated sharing "pics" with Billy and requested "sexy ones." Defendant also was the first to ask about Billy's sexual orientation after initiating a discussion about what Billy was "looking for," subsequently asking if Billy was attracted to older men, and admitting he was attracted to younger men. Defendant was also the first to initiate meeting in person and ask what Billy wanted to do. When Billy deferred the question to defendant's judgment, defendant suggested engaging in specific sexual activity. This evidence sufficiently demonstrates defendant's efforts "to attract, tempt, induce or coax" the victim into engaging in illegal sexual contact

9

to satisfy the luring offense, see Model Jury Charges (Criminal), "Luring (N.J.S.A. 2C:13-6)." (rev. Oct. 18, 2010).

We conclude defendant does not meet the significant standard for acquittal as "a reasonable jury could find guilt of [luring] beyond a reasonable doubt" based on this evidence. See Berry, 254 N.J. at 150 (quoting Reyes, 50 N.J. at 459).

B. The trial court's jury charges

"Except as otherwise provided by [Rule] 1:7-5 and [Rule] 2:10-2 (plain error), no party may urge as error any portion of the charge to the jury or omissions therefrom unless objections are made thereto before the jury retires to consider its verdict . . . ." R. 1:7-2. Because defendant did not raise any objections to the jury charges for luring, attempted sexual assault, or attempted endangerment of a child to the trial court, we evaluate them through a plain-error scope of review. Pursuant to that standard, an unchallenged error constitutes plain error only "if it [was] 'clearly capable of producing an unjust result.'" State v. Macchia, 253 N.J. 232, 251 (2023) (quoting R. 2:10-2).

The importance of accurate jury instructions in criminal cases was highlighted by our Supreme Court in State v. Martin, 119 N.J. 2, 15 (1990). In Martin, the Court admonished:

> Correct charges are essential for a fair trial. A charge is a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations. Thus, the court must explain the controlling legal principles and questions the jury is to decide. So critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error.
>
> [Ibid. (citations omitted).]

In the context of a jury charge, plain error is "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Camacho, 218 N.J. 533, 554 (2014) (alteration in original) (quoting State v. Adams, 194 N.J. 186, 207 (2008)).

### i. The trial court's jury charge for luring

Defendant argues the court's charge for luring is erroneous for two reasons: (1) "the trial court improperly and prejudicially recited all of the incriminating statements from [defendant's] conversations with law enforcement several times," and (2) "the instruction for luring failed to specify an underlying criminal offense, which is an element of the luring offense."

Defendant challenges the following language from the court's jury charge for luring:

11

The State alleges that the evidence of a[n] attempt to commit the sexual penetration is evidenced by the defendant coming to a location he believed to be Billy's house after sexual conversations the defendant allegedly had with Billy via Kik chat, specifically when he told Billy he would teach him "where to kiss on his body, how to suck dick" and "different positions," which the defendant said included "69" and "how to rim."

First, defendant argues the court's recitation of his conversation in its luring charge was "inflammatory, unnecessary, and improper, and substantially prejudiced the jury's ability to dispassionately assess whether the State had met its burden." Upon our review for plain error, we conclude the trial court's brief recitation of language from defendant's explicit online conversations with Billy does not warrant reversal. The trial court did not provide its own opinion as to defendant's language but rather directed the jury as to what specific language it was to consider when making its decision. Although the language was explicit and sexually-charged, it was not unreasonably graphic or inflammatory given the nature of the charges.

Second, defendant posits the jury instruction failed to specify an underlying criminal offense. In addition, and for the first time, defendant argues this charge was erroneous because it does not specify a "2C criminal offense." The trial court read the model jury charge for luring verbatim and informed the

12

jury: "[T]he State alleges that the defendant's purpose was to commit an act of sexual penetration with Billy, which is an offense for which [a] defendant could be sent to jail for more than six months." This language comports with the model jury charge, which allows the court to specify what criminal offense the defendant had the purpose to commit with someone he reasonably believed was a child. See Model Jury Charges (Criminal), "Luring (N.J.S.A. 2C:13-6)." The court then defined "sexual penetration" by reciting, verbatim, the definition provided in the model jury charge for sexual assault pursuant to N.J.S.A. 2C:14-2(c)(4). See Model Jury Charges (Criminal), "Sexual Assault – Defendant Four Years Older Than Victim Between 13 and 16 (N.J.S.A. 2C:14-2(c)(4))" (approved Jan. 24, 2005).

A jury instruction that closely corresponds to the relevant model jury charge generally does not constitute plain error. See State v. Ramirez, 246 N.J. 61, 70 (2021). The trial court's charge for luring does not constitute reversible error pursuant to the plain error standard merely because it failed to enumerate which specific provision of the criminal code defendant intended to commit with Billy; our case law pertaining to jury instructions for luring requires "an admonition that the jurors should not consider their own notions of criminal purpose, but must confine their consideration to the criminal purpose alleged by

the State," which the trial court correctly included in its charge. State v. Olivera, 344 N.J. Super. 583, 592 (App. Div. 2001). We conclude there is no error here.

ii.    The trial court's jury charge for attempted sexual assault and attempted endangering the welfare of a child

Pursuant to N.J.S.A. 2C:5-1(a)(3), a person may be convicted of attempting to commit a crime if he "[p]urposely does . . . anything which, under the circumstances as a reasonable person would believe them to be, is an act . . . constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." This version of criminal attempt, regardless of the underlying offense, has two elements which the jury must find beyond a reasonable doubt: (1) the defendant had the purpose to commit the underlying offense, and (2) the defendant took a substantial step in the course of conduct planned to culminate in the commission of the crime. Model Jury Charges (Criminal), "Attempt (N.J.S.A. 2C:5-1)" at 3 (rev. June 15, 2009) ("Criminal Attempt Model Charge"). The trial court must also inform the jury that, in order for conduct to constitute a substantial step, it "must strongly show the defendant's criminal purpose." Ibid.; see also N.J.S.A. 2C:5-1(b).

At trial, the jury was presented with two attempt offenses: attempted sexual assault and attempted endangering the welfare of a child. At the outset

14

of the instructions, the trial court gave the appropriate model charge for substantial-step attempt, identifying the two essential elements ((1) purpose to commit the underlying offense, and (2) a substantial step towards the commission of the offense) and additional necessary explanatory language. See "Criminal Attempt Model Charge." However, afterwards, the court modified the elements of each underlying offense to include attempt language from the model charge.

For example, rather than giving the model charge for sexual assault that has as its elements:

> 1. That the defendant committed an act of sexual penetration with another person[,]
>
> 2. That the defendant acted knowingly[,]
>
> 3. That at the time of the penetration the victim was at least thirteen but less than sixteen years old[,]
>
> 4. That at the time of the penetration defendant was at least four years older than the victim[,]
>
> ["Sexual Assault Model Charge"]

the trial court followed the 2C:5-1 model instruction for attempt with a modified sexual assault model charge entitled "Attempted Sexual Assault" as follows:

> 1. That the defendant attempted to commit an act of sexual penetration with another person,

15

2. That the defendant acted purposely,

3. That at the time of the <u>attempted penetration</u>, the victim was at least 13 but less than 16 years old, or the defendant reasonably believed him to be,

4. That at the time of the <u>attempted penetration</u>, the defendant was at [least] four years older than the victim.

[Emphasis added.]

At the end of those instructions, the trial court told the jury that if it found "those" elements beyond a reasonable doubt, it "must find the defendant guilty of an attempt to commit sexual assault."

To be sure, a jury must be provided accurate instructions on the elements of the underlying offense the defendant is alleged to have attempted in order to determine whether a person attempted that crime. Cf. State v. Rhett, 127 N.J. 3 (1992) (holding the Code requires to be guilty of attempt, defendant must intend result "that is the necessary element of the underlying offense"). However, at the charge conference, the trial court stated the model charges on the underlying offenses needed "substantial modification" to comport with criminal attempt. Thereafter, instead of giving the model charge for the underlying offense with respect to each attempt offense, the trial judge substantially modified the charges for the underlying offenses in changing all of the elements to mirror attempt. At

16

the end of those instructions, the trial court told the jury, if it found "those" elements beyond a reasonable doubt, it "must find the defendant guilty of an attempt to commit sexual assault."

The trial court erred in stacking the two attempt elements with the underlying charge elements, modifying the underlying charge elements, then instructing the jury if it found "those" elements beyond a reasonable doubt, it must find the defendant guilty of an attempt to commit the underlying offense. The jury was required to find only the two attempt elements to convict. The underlying elements were to be shared with the jury only to help it understand the underlying crime.

We agree with defendant that the trial court provided improper, modified jury instructions, which were neither the two elements of attempt nor the correct elements of the underlying offenses. These jury instructions had the potential to confuse the jury and constrain us to reverse the convictions for attempted sexual assault and attempted endangering the welfare of a child and remand for a new trial on those charges.

Moreover, we conclude the trial court improperly charged the jury with "impossibility" attempt language pursuant to N.J.S.A. 2C:5-1(a)(1) in addition to substantial-step attempt language. With respect to an impossibility attempt,

17

a defendant "[p]urposefully engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be." N.J.S.A. 2C:5-1(a)(1). Examples of "impossibility" attempts include when a defendant "had inserted an instrument into [a] woman in furtherance of performing [an unlawful abortion], believing that the woman was pregnant when in fact, she was not," and when a defendant "reach[ed] into an empty desk drawer with the intent to steal items that he believed were contained inside." Condon, 391 N.J. Super. 609, 616 (app. Div. 2007) (first citing State v. Moretti, 52 N.J. 182, 187-90 (1968); and then citing State v. Meisch, 86 N.J. Super. 279, 281-82 (App. Div. 1965)).

In contrast, as we have discussed, "substantial step" involves a defendant who "[p]urposefully does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." N.J.S.A. 2C:5-1(a)(3). The key distinction between an "impossibility" attempt pursuant to N.J.S.A. 2C:5-1(a)(1) and a "substantial step" attempt pursuant to N.J.S.A. 2C:5-1(a)(3) is "based on whether defendant has completed the acts or omissions . . . that the State must

18

prove to obtain a conviction." State v. Kuhn, 415 N.J. Super. 89, 101 (App. Div. 2010).

In Condon, the defendant was conversing online with an undercover officer posing as a thirteen-year-old girl. 391 N.J. Super. at 612-13. On appeal, the defendant challenged his conviction for second-degree attempted sexual assault, arguing the trial court erroneously charged the jury when it instructed he could be found liable pursuant to either the "impossibility" theory or "substantial step" theory. Id. at 614. We concluded the trial court erred when it instructed the jury may convict using either the "impossibility" theory or the "substantial step" theory of attempt because the defendant did not engage in sexual contact with the undercover officer. We explained:

> In order to complete a criminal act under subsection (a)(1), a defendant would have taken a substantial step toward the commission of the crime under subsection (a)(3). Accordingly, under subsection (a)(1), where a defendant "purposefully engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be," we are satisfied that he or she could also have been charged under subsection (a)(3). However, the same is not true when the defendant fails to complete the criminal act under subsection (a)(1). In that case, if the defendant has taken a substantial step toward the commission of a crime, he or she may only be charged under subsection (a)(3).

. . . .

> We cannot determine whether the jury convicted defendant solely under the impossibility theory (a)(1), and but for unknown reasons would have acquitted him under subsection (a)(3); or whether they convicted him solely under the substantial step in the course of conduct theory under subsection (a)(3). Because "there is no assurance that the jurors understood and applied the correct legal principles in reaching their verdict," we reverse and remand for a new trial. State v. Samuels, 189 N.J. 236, 255 (2007).
>
> [Id. at 617-18.]

The record before us demonstrates, despite both parties agreeing impossibility attempt was not an applicable theory in the case, in the trial court's instructions for attempted sexual assault and attempted endangering the welfare of a child, respectively, after charging substantial-step attempt, the court erroneously recited the "impossibility" attempt model jury charge.

In sum, the applicable case law compels us to vacate defendant's convictions on both attempt charges because the court improperly stacked and modified the elements of the charges with the elements of the underlying offenses, and because it included the impossibility attempt language.

C. Defendant's sentence

Our review of a defendant's sentence is deferential in light of "the discretion reposed in the judges who are called on to preside over criminal

20

sentencing proceedings." State v. Jones, 232 N.J. 308, 318 (2018). Accordingly, we review the sentencing court's imposition of a sentence pursuant to the abuse of discretion standard. Ibid.

When imposing a sentence, "the judge shall state reasons for imposing such sentence[,] including . . . the factual basis supporting a finding of particular aggravating or mitigating factors affecting [the] sentence . . . ." R. 3:21-4(h). "Proper sentencing thus requires an explicit and full statement of aggravating and mitigating factors and how they are weighed and balanced." State v. McFarlane, 224 N.J. 458, 466 (2016) (quoting State v. Randolph, 210 N.J. 330, 348 (2012)).

Because we reverse and remand for a new trial on both of defendant's attempt charges, defendant's sentencing argument with respect to counts two and three is moot. Notwithstanding, we address the issue with respect to count one, where we affirm defendant's sentence. We conclude the trial court did not abuse its discretion because it properly considered and rejected defendant's argument for mitigating factor four, explaining it did not find defendant credible in alleging, for the first time at sentencing, that he was sexually assaulted as a child, without presenting any diagnosis or other corroborating evidence. We agree with the trial court there were no "substantial grounds" established to

21

warrant application of mitigating factor four. Therefore, we affirm the custodial seven-year term for the luring conviction, but vacate the concurrent seven-year term for counts two and three as we are remanding those counts for a new trial.

Defendant's conviction and sentence are affirmed as to count one. The convictions on counts two and three are vacated and remanded for a new trial.

We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

22                                                    A-1053-23