16 A.3d 1107 (2011)
419 N.J. Super. 295
STATE of New Jersey, Plaintiff-Respondent,
v.
Christopher KORNBERGER, Defendant-Appellant.
Nos. A-0859-07T4, A-0679-08T4.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 2011.
Decided April 11, 2011.
*1108 The Law Offices of Robin Kay Lord, LLC, attorneys for appellant (Ms. Lord and Richard W. Berg, Trenton, of counsel and on the briefs).
Paula T. Dow, Attorney General, attorney for respondent (Natalie A. Schmid Drummond, Deputy Attorney General, of counsel and on the brief).
Before Judges REISNER, SABATINO and ALVAREZ.
The opinion of the court was delivered by
REISNER, J.A.D.
Defendant Christopher Kornberger appeals from his convictions for: second-degree sexual assault, N.J.S.A. 2C:5-1, 2C:14-2a(4); second-degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1, *1109 2C:14-2a(6); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d; and first-degree attempted kidnapping, N.J.S.A. 2C:5-1a(3), 2C:13-1b(1); for which he was sentenced to an aggregate term of fifteen years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirm.

I
These consolidated appeals concern defendant's conviction by a jury in Camden County for attacking N.D. with a tire iron and attempting to sexually assault her, and his later guilty plea to first-degree attempted kidnapping of R.W. for the intended purpose of sexually assaulting her. Defendant gave a lengthy confession concerning both incidents, as well as several crimes he committed in Burlington County.[1] His motion to suppress the confession was denied following a Miranda[2] hearing. The judge then severed the two cases for trial, and the N.D. trial was held first.
At that trial, N.D. testified that as she was walking home at about 4:30 a.m. on March 29, 2003, she encountered a man who, without warning, began hitting her over the head with a tire iron. He also broke one of her hands as she was trying to ward off the blows to her head. As she lay on the ground, injured, the assailant pulled her legs straight, straddled her body, unbuttoned his pants and attempted to remove her pants. During the assault, she had a clear view of the assailant's face as he was sitting on her legs facing her. N.D. was able to escape after the attacker put down the tire iron and she grabbed it and started swinging it at him. N.D. initially told the police that the attacker had blonde hair. At the trial, N.D. identified defendant as the attacker, although he had dark hair.
After defendant's confession was redacted with the agreement of both counsel, to remove irrelevant or prejudicial material, the confession was presented to the jury.[3] In his confession, defendant described in detail how he chose his victim, came up behind her, and repeatedly hit her with the tire iron. He admitted that he attempted to rape her, but gave up after she resisted.
The State also presented evidence concerning the tire iron, which the police found after defendant told them its location during his confession. Expert testimony confirmed that blood found on the tire iron matched a DNA sample taken from N.D. Although the expert could not say with absolute certainty that the DNA on the tire iron was from N.D., he testified to a reasonable degree of scientific certainty, in the legal sense, that it was a "match."
After he was convicted and sentenced in the N.D. case, defendant pled guilty to the attempted kidnapping of R.W., reserving his right to appeal from the denial of the Miranda motion.[4]

*1110 II
On this appeal, defendant raises the following points for our consideration:
POINT I: SINCE THE STATE FAILED TO SATISFY ITS BURDEN OF DEMONSTRATING THAT DEFENDANT'S CONFESSION WAS VOLUNTARY, ADMISSION OF THIS STATEMENT INTO EVIDENCE VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS.
POINT II: THE REDACTION OF THE TRANSCRIPT OF DEFENDANT'S STATEMENT VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL BY ELIMINATING REFERENCES RELEVANT TO DEFENDANT'S ABILITY TO FORM THE REQUISITE INTENT. (Not Raised Below)
POINT III: THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND N.J. CONST., ART. I, ¶. 1 WAS VIOLATED BY THE TRIAL COURT'S ERRONEOUS, INAPPROPRIATE AND PREJUDICIAL INSTRUCTION TO THE JURORS ON THE LAW OF ATTEMPTED AGGRAVATED SEXUAL ASSAULT. (Not Raised Below)
POINT IV: THE TRIAL COURT ERRED IN PERMITTING THE STATE'S EXPERT TO TESTIFY CONCERNING THE RESULTS OF THE STR METHOD OF DNA TESTING. (Partially Raised Below).
POINT V: DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL WERE DENIED BY THE PROSECUTOR'S MISCONDUCT IN MAKING IMPROPER SUMMATION COMMENTS. (Not Raised Below)
For the reasons that follow, we are satisfied that none of these arguments provide a basis for reversal.

III

A.
We first consider the arguments defendant raises in Point III: that the judge should not have instructed the jurors on the law of attempt before instructing them on the substantive crime of aggravated sexual assault, and that the judge gave an incorrect instruction on attempt. We consider these arguments under the plain error rule, which requires defendant to establish that, considered in the context of the entire charge and the evidence presented at trial, the error had "a clear capacity to produce an unjust result." R. 2:10-2; see R. 1:7-2. "The standard for assessing the soundness of a jury instruction is `how and in what sense, under the evidence before them, and the circumstances of the trial, would ordinary ... jurors understand the instructions as a whole.'" State v. Savage, 172 N.J. 374, 387, 799 A.2d 477 (2002) (citation omitted).
Plain error in the context of a jury charge is "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." The charge must be read as a whole in determining whether there was any error. Even so, if the error is in a *1111 jury instruction that is "crucial to the jury's deliberations on the guilt of a criminal defendant[,]" it is a "`poor candidate[] for rehabilitation' under the plain error theory."
[State v. Torres, 183 N.J. 554, 564, 874 A.2d 1084 (2005) (citations omitted).]
We find no error, plain or otherwise, in the judge's decision to explain to the jury the law of attempt, before explaining the elements of the substantive crime of aggravated sexual assault. With respect to the sexual assault on N.D., defendant was only charged with attempt, and therefore it made logical sense to explain the law of attempt first. Defendant cites no case law to support his argument concerning the organizational structure of the charge, and we find nothing in the order of the charge that would have confused the jury.
Defendant next contends, and the State essentially concedes, that in addition to giving the jury the correct charge on attempt, the judge also included instructions on types of attempt that did not apply to this case. We begin by considering the statutory definition of the three types of criminal attempt:
A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
(1) Purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be;
(2) When causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing such result without further conduct on his part; or
(3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
b. ... Conduct shall not be held to constitute a substantial step under subsection a. (3) of this section unless it is strongly corroborative of the actor's criminal purpose.
[N.J.S.A. 2C:5-1a to -1b.]
Type a(1) concerns a completed crime which fails of its purpose because the facts are not as defendant believes them to be. See State v. Condon, 391 N.J.Super. 609, 616, 919 A.2d 178 (App. Div.) (citing as an example, performing an illegal abortion on a woman who turns out not to be pregnant), certif. denied, 192 N.J. 74, 926 A.2d 857 (2007). Type a(2) involves a situation "`where the criminal act is very nearly complete and requires one more step either beyond the actor's control or not requiring his control for completion.'" Id. at 615-16, 919 A.2d 178 (quoting Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:5-1 (2006)). Type a(3) requires that the actor, with intent to commit the crime, takes a substantial step toward its commission. Id. at 616, 919 A.2d 178.
Here, the applicable type of attempt was the "substantial step" described in N.J.S.A. 2C:5-1a(3) and -1b. However, in addition to instructing the jury about that type of attempt, the judge mistakenly included instructions concerning the two other types of attempt. Primarily relying on Condon, defendant argues that this error requires reversal, because we cannot be sure of the theory on which the jury convicted him. That was the result in Condon, where we reversed defendant's conviction based on an erroneous charge.
Condon involved an internet sting operation, in which the defendant made internet *1112 contact with a fictional thirteen-year-old girl and arranged to meet for the purposes of having sex with her. Condon, supra, 391 N.J.Super. at 612-13, 919 A.2d 178. When he arrived at the meeting place, he was arrested. Id. at 613, 919 A.2d 178. He was convicted of attempted sexual assault, after the trial court charged the jury as to types a(1) and a(3). Id. at 613-14, 919 A.2d 178. In reversing, we reasoned that if a defendant completes an "impossible" crime, he may be charged under both a(1) and a(3), because he necessarily has taken a substantial step. Id. at 617, 919 A.2d 178. However, if he only takes a substantial step, but does not complete the intended crime, he can only be charged under a(3):
In order to complete a criminal act under subsection a(1), a defendant would have to have taken a substantial step toward the commission of the crime under subsection a(3). Accordingly, under subsection a(1), where a defendant "purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be," we are satisfied that he or she could also be charged under subsection a(3). However, the same is not true when the defendant fails to complete the criminal act under subsection a(1). In that case, if the defendant has taken a substantial step toward the commission of a crime, he or she may only be charged under subsection a(3).
Here, defendant did not complete the criminal act, nor under the circumstances, could he have done so. Accordingly, N.J.S.A. 2C:5-1a(1) was not applicable. Under these facts, only subsection a(3) should have been charged.
[Ibid.]
Under the facts presented in that case, we found that the charging error was prejudicial:
Because the jury was instructed that it could convict defendant under either subsection a(1) or a(3), we are constrained to reverse. We cannot determine whether the jury convicted defendant solely under the impossibility theory a(1), and but for unknown reasons, would have acquitted him under subsection a(3); or whether they convicted him solely under the substantial step in the course of conduct theory under subsection a(3).
[Id. at 617-18, 919 A.2d 178 (citations omitted).]
As in Condon, we agree that the judge committed a charging error. But, we reach a different conclusion as to the consequence of the error. Unlike Condon, in which the theory of defendant's guilt may have presented some complexity to a lay jury, this case presented no complexity whatsoever. N.D. testified that, without provocation, defendant hit her with a tire iron multiple times, inflicting serious injuries and knocking her to the ground. He then pulled her legs straight, straddled her legs, unbuttoned his pants, and started trying to remove her pants. He only stopped after she grabbed the tire iron and began swinging it at him. Defendant confessed that he intended to rape N.D., attempted to rape her, and attacked her with the tire iron in furtherance of that attempt. Given this evidence, a conviction for attempted aggravated sexual assault, based on taking a substantial step toward that result, was virtually inevitable.
Moreover, despite his initial mistake in adding inapplicable definitions of attempt, the judge clearly explained to the jurors how the instructions he was giving them related to the evidence presented. Additionally, the parties did not present conflicting *1113 theories on the attempt issue, such that an error in that portion of the charge would likely prove prejudicial. Cf. State v. Martin, 119 N.J. 2, 16-17, 573 A.2d 1359 (1990). Taken in context, there is no realistic likelihood that the jury would have focused on the clearly inapplicable theories of impossibility or a missing step beyond defendant's control. We will not speculate that "for unknown reasons" the jury might have convicted defendant on either a(1) or a(2) when they "would have acquitted him" under a(3). Cf. Condon, supra, 391 N.J.Super. at 618, 919 A.2d 178.[5] Given the overwhelming evidence in this record, there is no chance that any jury "would have acquitted" this defendant under a(3). Ibid.; see State v. Wilder, 193 N.J. 398, 415-18, 939 A.2d 781 (2008) (overruling State v. Christener, 71 N.J. 55, 362 A.2d 1153 (1976), and cautioning against overturning jury verdicts based on speculation about the jury's reasoning, where substantial evidence supports the conviction).[6]
We find no likelihood that the errors in the charge led the jury to convict defendant when they might otherwise have acquitted him and, therefore, no basis to conclude that the error in the charge had "the clear capacity to produce an unjust result." R. 2:10-2; see State v. Macon, 57 N.J. 325, 335-37, 273 A.2d 1 (1971).
[At the direction of the court, Parts III B, C, D and E, which are not deemed to warrant publication, see R. 1:36-2(d), are omitted from the published version.]
Affirmed.
NOTES
[1] In a companion appeal, we affirmed defendant's convictions for attacking women in Burlington County. State v. Kornberger, Docket No. A-6133-07, 2011 WL 1345044 (App.Div. April 11, 2011).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The confession was originally recorded on videotape, but was later re-recorded on a DVD to improve the sound quality. There was no objection to this procedure. The jury was shown the redacted DVD, and was given the redacted transcript to use as an aid while watching the DVD. During a pre-trial Driver hearing, all counsel had agreed to certain corrections to the transcript. See State v. Driver, 38 N.J. 255, 287-88, 183 A.2d 655 (1962).
[4] The fifteen-year sentence for the attempted kidnapping of R.W. was imposed concurrent to the nine-year sentence for the attack on N.D.
[5] There was no indication of jury confusion. They asked no questions. They only sent out a request for a copy of the redacted transcript of defendant's confession, which both counsel agreed they could have.
[6] In Condon the panel reversed because of the chance that, for some unknown reason, the jury might have acquitted defendant under a(3), the only applicable section of the attempt statute. That approach might no longer be legally correct, in light of Wilder, which was decided a year after Condon. Wilder dealt with "overcharging," where the jury is improperly charged as to a more serious crime which is not supported by the trial evidence, but only convicts the defendant of a lesser included offense. Wilder, supra, 193 N.J. at 402, 939 A.2d 781. Wilder rejected the previously-accepted rationale that the overcharging is prejudicial error because the jury might have compromised on convicting defendant of the lesser offense when it might otherwise have returned an acquittal. Id. at 413, 415-18, 939 A.2d 781. In that context, the Court warned that we should not speculate about the jury's thought processes, but should instead focus on whether there was enough evidence to convict on the lesser included offense. Id. at 416-17, 939 A.2d 781. We need not reach a conclusion here as to whether the "unknown jury reason" aspect of Condon remains good law, because in this case the charging error was so clearly harmless.